UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 10-10390-GAO

UNITED STATES OF AMERICA,

v.

MICHAEL R. BURNS,
Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION #171
March 8, 2022

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a report and recommendation ("R & R") with respect to numerous motions filed by the defendant (dkt. nos. 137, 143, 144, 148, 150, 151, 152, 156, 159, 162 & 163). After receiving an extension to the deadline to file an objection, the defendant timely responded to the R & R (dkt. no. 187). The defendant also requested that the Clerk moot several of the motions at issue in the R & R, including his Motion for Order on Rule 33 Motion (dkt. no. 144), Motion to File a Federal Lawsuit (dkt. no. 148), Motion to Upload Appendix (dkt. no. 150), Motion to Appoint Counsel (dkt. no. 151), Motion for Extension of Time to File Reply (dkt. no. 152), and Motions to Remove Detainer (dkt. nos. 162 & 163). Those motions were terminated as moot in accordance with the defendant's request.

After carefully reviewing the docket, the relevant documents, the R & R, and the defendant's response, I ADOPT the recommendations of the magistrate judge. The defendant's motions are resolved as follows:

1. The defendant's Motion for Reconsideration (dkt. no. 137) is DENIED.

2. The defendant's Motion for Summary Disposition (dkt. no. 143) is DENIED.

3. The defendant's Motion to Appoint Counsel (dkt. no. 156) is DENIED.

4. The defendant's Motion to Stay 2255 (dkt. no. 159) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES,

    Plaintiff,

    v.                                                  Criminal Action No. 10-10390-GAO

MICHAEL R. BURNS,
    Defendant.

REPORT AND RECOMMENDATION ON MOTIONS
##137, 143, 144, 148, 150, 151, 152, 156, 159, 162, 163

KELLEY, M.J.

On July 23, 2012, a jury found Michael R. Burns guilty of armed bank robbery in violation of 18 U.S.C. § 2113. (#51.) Mr. Burns was later sentenced to 150 months' imprisonment. (#71.) Currently pending is Mr. Burns' petition for habeas relief pursuant to 28 U.S.C. § 2255 (#145), which is addressed in a separate report and recommendation. Also pending are related motions seeking relief related to his petition and a previous motion for a new trial which was stricken by the district court. (##137, 143, 144, 148, 150, 151, 152, 156, 159, 162, 163.) The court's recommendations on these motions are set out below.

    I.    <u>Motion for Reconsideration (#137)</u>.

Mr. Burns has filed a motion for reconsideration of the court's order granting the Government's motion to strike the pro se motions he filed while still represented by counsel. (#137.) Those motions include ##55, 60, 110, and 112. *Id.* The motion at #112 was a motion for new trial pursuant to Rule 33. The basis for the Government's motion to strike was that Mr. Burns was represented by counsel and therefore could not proceed pro se without asking the court to allow him to proceed pro se or asking for permission to pursue hybrid representation (i.e.

1

proceeding with counsel while also representing himself pro se). (#113.) Instead of addressing the deficiencies the Government identified with his Rule 33 motion, in his motion for reconsideration Mr. Burns asked the court to grant his immediate release and to allow his Rule 33 motion. (#137.)

"Although no rule of criminal procedure explicitly authorizes motions for reconsideration in criminal cases, the Supreme Court has recognized the legitimacy of 'a timely motion for rehearing or reconsideration of a judgment in a criminal case . . . .'" *United States v. Gorski*, 36 F. Supp. 3d 256, 263 (D. Mass. 2014) (quoting *United States v. Morillo*, 8 F.3d 864, 868 (1st Cir. 1993)). "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (quoting *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005)).

Mr. Burns has presented no such justification in support of his motion for reconsideration. Accordingly, the court recommends DENYING his motion for reconsideration.

II.    Motion for Summary Disposition (#143).

Mr. Burns next filed a motion for "summary disposition," in which he asked the court to vacate his conviction, describing the motion as being related to his pending motion for reconsideration and citing to "F.R.C.P. 51(a)." (#143.) This motion is duplicative of his motion for reconsideration, therefore the court recommends DENYING it.

III.    Motion for Order on Rule 33 Motion (#144).

On January 31, 2019, Mr. Burns filed a motion asking the court whether he should file a motion for habeas relief pursuant to 28 U.S.C. § 2255 given that his motion for reconsideration

was still pending. (#144.) As he filed a habeas petition just two weeks later, the court recommends DENYING the motion for order as moot.[1]

IV.     Motion to File a Federal Lawsuit (#148).

On June 14, 2019, Mr. Burns filed a one-page motion to file a federal lawsuit, in which he asked the court to open a new civil case related to his alleged wrongful conviction. (#148.) Filing a motion on his criminal docket asking the court to open a new civil case on his behalf is not the proper procedure to initiate a new civil matter. Doing so requires completing paperwork and paying a filing fee (or asking leave to proceed in forma pauperis). Docketing a motion is not a substitute for this procedure, therefore the court recommends DENYING the motion.

V.      Motion to Upload Appendix (#150).

Mr. Burns asked the court to scan and upload the voluminous materials he submitted in support of his habeas petition. (#150.) These materials were scanned and uploaded to CM/ECF in April 2021, *see* #145, therefore the court recommends ALLOWING the motion.

VI.     Motions to Appoint Counsel (#151, 156).

On August 19, 2019, Mr. Burns filed a motion asking the court to appoint counsel in support of both his motion for reconsideration and his habeas petition. (#151.) Then, on November 1, 2019, he filed a duplicative motion to appoint counsel in support of his motion for reconsideration. (#156.) Again, Mr. Burns had counsel at the time he filed his Rule 33 motion pro se. *See* ##113, 128. In his § 2255 petition, Mr. Burns challenges his counsel as ineffective. (#145.)

---

[1] The motion is also moot in light of the court's separate report and recommendation on the petition, which recommends finding the petition untimely as it was filed outside of the limitations period.

There is no constitutional entitlement to appointed counsel in postconviction relief proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Nor is a defendant entitled to counsel when filing a Rule 33 motion after filing a direct appeal, as happened here. *Trenkler v. United States*, 268 F.3d 16, 21 (1st Cir. 2001); *see* ##72 (notice of appeal); 112 (Rule 33 motion). Under the Criminal Justice Act, 18 U.S.C. § 3006A, the Court may appoint counsel for a financially eligible habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In determining whether the interests of justice require the appointment of counsel, the court must examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the complexity of the legal issues, the intricacy of any factual issues, and the petitioner's ability to represent himself. *See United States v. Guadalupe-Quinones*, 65 Fed. Appx. 329, 333 (1st Cir. 2003); *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

As noted in the court's separate report and recommendation on Mr. Burns' § 2255 petition, only twenty-one grounds are suitable for disposition because the remaining grounds he raises were already adjudicated by the First Circuit on direct appeal. *See* ##123, 145. In addition, there is an issue concerning the timeliness of his petition. The issues raised in Mr. Burns' petition and in his motion for reconsideration are straightforward and can be resolved on the record.

The court therefore recommends DENYING Mr. Burns' motions to appoint counsel.

VII.    Motion for Extension of Time to File Reply (#152).

Mr. Burns sought leave to file a reply in support of his § 2255 petition. (#152.) As the matters raised in his petition were sufficiently addressed in his petition and lengthy accompanying appendices, the court recommends DENYING leave.

VIII.    Motion to Stay 2255 Disposition (#159).

Mr. Burns filed a motion to stay disposition of his § 2255 petition pending disposition of his motion for reconsideration. (#159.) The court recommends denying the motion as each of the subject motions can be resolved without reference to the other. In addition, Mr. Burns' request for counsel, which is raised in the motion, has been addressed in related motions and should be denied. *See* ##151, 156.

IX.    Motions to Remove Detainer (##162, 163).

Mr. Burns asks the court to remove a state court detainer related to a Massachusetts parole violation. (##162, 163.) He notes that his parole violation was dismissed in state court in February 2013, after judgment was entered in this case. *See* ##162 at 2; 71 (judgment, docketed October 25, 2012). He further notes that it is the Quincy Parole Office that has not removed the detainer, (#162 at 3), and asks the court to call Massachusetts Parole to ask them to "drop" the detainer, (#163 at 3). This federal court does not have the authority to order a state agency to remove a detainer. The court therefore recommends denying the motions.[2]

X.    Conclusion.

For the foregoing reasons, it is RECOMMENDED that the court:

1. DENY petitioner's Motion for Reconsideration (#137).
2. DENY petitioner's Motion for Summary Disposition (#143).
3. DENY petitioner's Motion for Order on Rule 33 Motion (#144).
4. DENY petitioner's Motion to File a Federal Lawsuit (#148).
5. ALLOW petitioner's Motion to Upload Appendix (#150).

---

[2] In light of this recommendation, the Government is no longer required to respond as previously ordered by the court. *See* #169.

    6. DENY petitioner's Motions to Appoint Counsel (##151, 156).

    7. DENY petitioner's Motion for Extension of Time to File Reply (#152).

    8. DENY petitioner's Motion to Stay 2255 Disposition (#159).

    9. DENY petitioner's Motions to Remove Detainer (##162, 163).

XI.    <u>Review by District Judge</u>.

The parties are hereby advised that any party who objects to this report and recommendation must file written objections thereto with the Clerk of this Court within fourteen days of service of this report and recommendation. The written objections must specifically identify the portion of this report and recommendation to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

December 15, 2021                                            /s/ M. Page Kelley
                                                                                             M. PAGE KELLEY
                                                                                             United States Magistrate Judge