UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 10-10390-GAO

UNITED STATES OF AMERICA,

v.

MICHAEL R. BURNS,
Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION #172
March 8, 2022

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a report and recommendation ("R & R") with respect to the defendant's Petition for Habeas Relief under 28 U.S.C. § 2255 (dkt. no. 145). Copies of the R & R were mailed to the defendant on December 15, 2021, and January 11, 2022. No objections to the R & R were timely filed. However, on February 4, 2022, the defendant moved to file a late objection (dkt. no. 179). The request is granted to the limited extent that the motion itself provides the basis for his objection. No further submissions will be accepted.

After carefully reviewing the docket, the relevant documents,[1] and the R & R, I ADOPT the recommendation of the magistrate judge. To the extent the defendant blames his failure to timely file his habeas petition on prison-related disruptions, such difficulties are not extraordinary as that term is understood for the purposes of equitable tolling. Indeed, the record in this case makes clear that when the defendant wishes to communicate with the Court, he is able to do so.

The defendant's habeas petition is untimely and is therefore DISMISSED.

---

[1] This includes the submission located at docket entry #157.

A certificate of appealability shall not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES,

    Plaintiff,

    v.                                                                                 Criminal Action No. 10-10390-GAO

MICHAEL R. BURNS,
    Defendant.

REPORT AND RECOMMENDATION ON
PETITION FOR HABEAS RELIEF (#145)

KELLEY, M.J.

On February 15, 2019, Michael R. Burns filed, pro se, a petition for writ of habeas corpus under 28 U.S.C. § 2255 for relief from his July 2012 conviction of armed bank robbery. (#145.) For the reasons set forth below, the court recommends dismissing his petition.[1]

I.    Background.

On July 23, 2012, a jury found petitioner guilty of armed bank robbery in violation of 18 U.S.C. § 2113. (#51.) Petitioner was later sentenced to 150 months' imprisonment and four years' supervised release. (#71.) He appealed his conviction to the First Circuit, which denied his appeal on May 1, 2015. (#123.) Petitioner was represented by counsel on appeal, though he also filed, pro se, a series of supplemental briefs. The First Circuit indicated that it had reviewed those briefs but

---

[1] Petitioner is scheduled to be released from BOP custody in late December 2021. This does not moot his petition, however, as the First Circuit has indicated that the "in custody" requirement of § 2255 is satisfied by an individual who has completed their period of incarceration but is serving a term of supervised release. *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015). This is because "supervised release enacts sufficient restrictions on a petitioner's freedom to meet the requirement that a petitioner be 'in custody' when bringing a claim under § 2255." *United States v. Burdulis*, 209 F. Supp. 3d 415, 425 (D. Mass. 2016).

1

nonetheless affirmed his conviction. *Id.* He filed a motion for rehearing which was denied both as to a rehearing by the panel and a rehearing en banc.[2] Petitioner's appellate counsel then withdrew from representation on December 31, 2015.[3] After receiving an extension from the U.S. Supreme Court to file a petition for writ of certiorari, petitioner filed that petition pro se on March 17, 2016.[4] The Supreme Court denied his petition for certiorari on October 2, 2017.[5] Petitioner filed a petition for rehearing, which the Supreme Court denied on February 20, 2018.[6] He then filed his § 2255 petition pro se on February 15, 2019. (#145.)

II.    Relief Under 28 U.S.C. § 2255.

A prisoner may file a § 2255 petition when

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). "Relief under § 2255 'is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness.'" *United States v. Carpenter*, No. 04-cr-10029-GAO, 2019 U.S. Dist. LEXIS 26949, at *4 (D. Mass. Feb. 20, 2019) (quoting *Singleton v. United States*, 26 F.3d 233, 236 (1st Cir. 1994)). "[F]ederal post-conviction petitioners bear the burden of

---

[2] Order, No. 12-2318 (Oct. 19, 2015) (denying petition for panel and en banc rehearing).

[3] Order, No. 12-2318 (Dec. 31, 2015) (granting counsel's motion to withdraw).

[4] U.S. Supreme Court Notice, No. 12-2318 (Aug. 4, 2017) (notice that a petition for writ of certiorari was filed on March 17, 2016).

[5] U.S. Supreme Court Order, No. 12-2318 (Oct. 2, 2017) (notice of order denying petition for writ of certiorari).

[6] U.S. Supreme Court Order, No. 12-2318 (Feb. 20, 2018) (notice of order denying petition for rehearing).

proof and production under § 2255, and must 'establish[] by a preponderance of the evidence that they are entitled to relief.'" *Dimott v. United States*, 881 F.3d 232, 240 (1st Cir. 2018) (alteration in original) (quoting *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978)).

III. <u>Grounds Raised</u>.

Petitioner raises sixty-three grounds for relief, covering five main categories: (1) prosecutorial misconduct; (2) abuse of trial judge's discretion; (3) falsified evidence; (4) juror misconduct; and (5) ineffective assistance of counsel. (#145.) All sixty-three grounds were raised in the supplemental briefs he filed in support of his direct appeal.

"[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton*, 26 F.3d at 240 (quoting *United States v. Dirring*, 370 F.2d 862, 864 (1st Cir. 1967)); *see United States v. Hicks*, No. 05-cr-10204-GAO, 2014 U.S. Dist. LEXIS 31879, at *13 (D. Mass. Mar. 12, 2014) ("Claims raised and rejected on direct appeal may not be readjudicated collaterally by way of a § 2255 motion."). The First Circuit addressed forty-two of petitioner's grounds on direct appeal when it "reject[ed] the claims of evidentiary and trial error, and the claims of misconduct." (#123 at 2.) As for the twenty-one ineffective assistance of counsel grounds, the First Circuit did not address them because they were "not cognizable on direct appeal." *Id.* Only those twenty-one grounds, then, are subject to review under § 2255.

IV. <u>Timeliness of Petition</u>.

Habeas relief under § 2255 is subject to "[a] 1-year period of limitation . . . . The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). "[A] conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such a petition is denied." *In re Smith*, 436 F.3d 9, 10 (1st Cir. 2006)

3

"Although the statute itself does not define when a conviction becomes final for this purpose, every circuit that has addressed the issue has concluded that a conviction becomes final—and the one-year period therefore starts to run—when a petition for certiorari is denied, rather than when a petition for rehearing of the denial of certiorari is denied." *Id.* (citations omitted); *see United States v. Melvin*, No. 10-cr-30017-NMG, 2019 U.S. Dist. LEXIS 115447, at *10 (D. Mass. Apr. 18, 2019) (applying *In re Smith* to find a § 2255 petition untimely).

Petitioner filed his § 2255 petition for habeas relief on February 15, 2019, within one year of the Supreme Court's denial of his petition for a rehearing on February 20, 2018. As discussed below, it is clear that petitioner believed his filing was timely. *See* #144. Instead, in light of the First Circuit's holding in *In re Smith*, his petition was untimely as it was filed one year and four months after the Supreme Court denied his petition for certiorari on October 2, 2017. *See* 436 F.3d at 10.

"[S]ection 2255(f)'s one-year limitations period is subject to equitable tolling in appropriate instances." *Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011). "To preserve the usefulness of statutes of limitations as rules of law, equitable tolling should be invoked only 'sparingly.'" *Id.* (quoting *Neverson v. Farquharson*, 366 F.3d 32, 40 (1st Cir. 2004)). "[E]quitable tolling is available only in cases in which 'circumstances beyond the litigant's control have prevented [him] from promptly filing.'" *Id.* at 322-323 (quoting *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005)). It "is not intended as a device to rescue those who inexcusably sleep upon their rights." *Id.* at 323. "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Id.* (quoting *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010). "To carry this burden, the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010)). "[B]oth 'extraordinary circumstances' and 'reasonable diligence' depend on the totality of the circumstances." *Id.* at 324.

It is clear from the dockets in petitioner's underlying criminal case and appeals that he has been diligently pursuing his rights. Yet petitioner, proceeding pro se, clearly understood the deadline to file his § 2255 petition to be tied to the date on which the Supreme Court denied his petition for a rehearing. *See* ##145 (petition filed just under one year after Supreme Court denied rehearing); 144 at 1-2 (motion asking the court whether to file his § 2255 petition by February 20, 2019 given the pendency of another motion and stating that "[t]he Supreme Court's judgment became final Feb[.] 20th, 2018 after rehearing was denied"). The docket in petitioner's appeal before the First Circuit shows that he was filing motions and letters with that court throughout 2018 and early 2019. *See, e.g.*, Motion to Recall Mandate, 12-2318 (Mar. 5, 2018); Motion for Summary Judgment Vacating Conviction, 12-2318 (July 31, 2018). In addition, the docket in this case shows that he filed multiple motions prior to his petition. *See, e.g.*, ##143 (motion for summary disposition); 144 (motion for order on pending Rule 33 motion). Petitioner clearly had the ability to file his petition within the deadline, but did not do so because he mistakenly believed that the Supreme Court's denial of his rehearing triggered the limitations period, not its denial of his petition for certiorari.

Courts have consistently found that misconstruing the deadline for a filing is not an extraordinary circumstance for purposes of equitable tolling. "[A] garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651-652 (citations omitted) (quoting *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see United States v. Portorreal*, No. 07-cr-10264-DPW, 2017 U.S. Dist. LEXIS 12415, at *5 (D. Mass. Jan. 30, 2017) (noting that

5

counsel's failure to meet deadlines did not meet the extraordinary circumstance requirement). Likewise, "[w]hile pro se pleadings are to be liberally construed, the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time." *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002) (citation omitted) (affirming dismissal of petition that was filed twelve days late).

The government did not challenge the timeliness of petitioner's § 2255 petition in its opposition. *See* #149.

> [A]s a general rule, courts should give habeas petitioners advance notice and an opportunity to respond to a statute of limitations defense before dismissing a case sua sponte. . . . "unless it is unmistakably clear from the facts alleged in the petition, considering . . . equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely . . . ."

*Celikoski v. United States*, 21 F. App'x 19, 22 (1st Cir. 2001) (quoting *Acosta v. Artuz*, 221 F.3d 117, 119 (2d Cir. 2000)). Based on the circumstances discussed here, the court recommends finding that it is unmistakably clear that the petition is untimely such that dismissal sua sponte without notice to petitioner is appropriate. The First Circuit's holding regarding the appropriate trigger for a § 2255 petition, in *In re Smith*, has been the law of the circuit since 2006, giving petitioner ample notice of the relevant deadline. *See In re Smith*, 436 F.3d 9 (docketed January 18, 2006). A misunderstanding is not a circumstance beyond petitioner's control, therefore the court recommends dismissing the petition as untimely without invoking principles of equitable tolling. *See Ramos-Martínez*, 638 F.3d at 322-23.

V.    Conclusion.

For the foregoing reasons, it is RECOMMENDED that the court DISMISS petitioner's habeas petition as untimely. (#145.)

VI.   <u>Review by District Judge</u>.

The parties are hereby advised that any party who objects to this report and recommendation must file written objections thereto with the Clerk of this Court within fourteen days of service of this report and recommendation. The written objections must specifically identify the portion of this report and recommendation to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


December 15, 2021                                               /s/ M. Page Kelley
                                                                       M. PAGE KELLEY
                                                                      United States Magistrate Judge